IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALPHONZA LEONARD PHILLIP )
THOMAS, III, )
 )
    Petitioner, )
 )
  v. ) 1:16CV524
 )
FRANK L. PERRY, )
 )
    Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

  Petitioner, a prisoner of the State of North Carolina serving a sentence of life without parole for murder in case 10CRS05755, submitted a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed *in forma pauperis*. Rule 4, Rules Governing Section 2254 Cases, states in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner lists a single ground for relief which states in its entirety, "[t]he U.S. is in commercial dishonor." (Petition [Doc. #2], § 12.) Petitioner's supporting facts state only that "I asked the Alamance Serperior [sic] Court for my Bid Bond Back. I recieved [sic] no response. I accepted for value and consideration all charges and returned for full settlement for cause and account number 10CRS05755 and made my exemption available for the Alamance BC to use . . . in other words Pursuant to Rule 8 FRCP 'I Accept for Value.' My affirmative defense. Common Law Rule of Confession and Avoidance under

Affirmative Defenses. (Cf: All Documents of case 13R229 filed in Durham Co. Civil files)." (Id.) He later filed a Supplement [Doc. #3] containing papers that he apparently submitted to the state courts and which indicate that he is part of the Moorish Divine and National Movement of the World or similar entities. It is difficult to decipher any overall meaning from Petitioner's claim. However, it is clear that he is using civil and commercial law concepts and his claimed nationality or ethnicity in an attempt to attack his conviction and/or life sentence. This is also indicated by various other portions of his Petition where Petitioner mentions negotiable instruments, Housing and Urban Development, a letter rogatory, breach of contract, and a challenge to subject matter jurisdiction. Regardless of the exact meaning of Petitioner's claims, it is clear from the face of the Petition that he is not entitled to relief. Commercial and civil law cannot somehow be used to invalidate a criminal conviction or sentence. Nor is a person's nationality or ethnicity relevant. See El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases rejecting "Moorish" identity claims). Accordingly, the Petition should be dismissed. Because the Petition is being dismissed pursuant to Rule 4(b), Rules Governing Section 2254 Proceedings, Respondent need not respond. The Clerk will notify Petitioner of the dismissal and entry of judgment.

In forma pauperis status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that the Petition [Doc. #2] be denied and that judgment be entered dismissing the action.

This, the 20th day of October, 2016.

                                                          /s/ Joi Elizabeth Peake
                                                          United States Magistrate Judge